**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAMERON LIPPOLD, individually,
and on behalf of all others similarly situated,

      Plaintiffs,

                                      Case No.

v.

                                      Judge:

FLAGSHIP RESTAURANT GROUP, LLC,

      Defendant.

_____/

**COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

      Plaintiff, CAMERON LIPPOLD ("Plaintiff"), on behalf of himself and all others similarly situated, files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, FLAGSHIP RESTAURANT GROUP, LLC ("Defendant") for failure to comply with provisions of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and Illinois Wage Payment and Collection Act ("IWPCA"). Plaintiff seeks to recover minimum and overtime wages for certain hours worked for himself and all Servers and Bartenders who worked for Defendant in the State of Illinois within the past 3 years pursuant to 29 U.S.C. § 216(b), and 820 ILCS § 105:

**INTRODUCTION**

      1.     This collective/class action hybrid lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

216(b), et. seq. for Defendant's failure to pay Plaintiff and other similarly situated Servers and Bartenders minimum and overtime wages during the past 3 years.

2.      Defendant is a hospitality group that owns and operates a chain of restaurants in Illinois called Blue Sushi Saki Grill. Within the past 3 years Defendant has operated 3 different Blue Sushi Saki Grill locations: 2 in Chicago and 1 in Naperville. Defendant has committed a series of wage and hour violations at these locations by uniformly enforcing common unlawful pay policies at all locations.

3.      Defendant has attempted to avail itself of the tip-credit provisions of the IMWL, IWPCA, and FLSA. These tip credit provisions permit employers of tipped employees to pay wages less than the full minimum wage, so long as employers strictly comply with specific notice and reduced wage requirements. Defendant failed to provide sufficient notice of its intent to rely upon the federal tip credit and failed to adequately post state-mandated posters prior to taking tip credit and therefore must forfeit any tip credit it relied upon during the relevant period.

4.      Defendant also enforced a common policy of underpaying Servers and Bartenders the applicable federal and state overtimes wages during the relevant period when Servers and Bartenders worked more than 40 hours in a workweek.

5.      Defendant also required Servers and Bartenders to unlawfully share tips with other ineligible restaurant employees. At the end of their shifts, Servers and Bartenders are required to print a receipt from the Defendant's Point of Sale ("POS") System which details the Server or Bartender's total sales. The POS System calculates the total gratuities left by restaurant guests for Servers and Bartenders via credit cards throughout each shift. Servers and Bartenders would also receive cash tips, and the amount of cash tips received is also entered into the POS System by the Servers and Bartenders. The POS System then calculates a percentage of tips diverted

from each Server and Bartender and pays it to non-direct service employees who do not have meaningful interaction with customers in the restaurant, including Sushi Chefs, support staff, server assistants, and food runners. Moreover, Defendant requires Servers and Bartenders to pay a portion of their tips to ineligible supervisors and/or managers. Defendant's management verbally instructs Servers and Bartenders that they are required to tip-share and there is a denoted section on their shift closing printed form generated by the POS System. This practice of requiring Servers and Bartenders to share their earned tips with ineligible recipients is unlawful.

6.      Finally, Defendant engages in a pattern of regularly assigning Servers and Bartenders, who were paid sub-minimum wages, to perform an array of duties outside of their tipped occupations for more than 20% of their workweek without compensating them the full minimum wage for this work. Servers and Bartenders were required to regularly engage in non-tip producing activities, such as rolling silverware, cleaning tables, and a variety of other side work.  Defendant enforced a policy under which it failed to pay proper minimum wages because it violated rules for using the tip credit, including by requiring Servers and Bartenders to spend more than 20 percent of their workweek engaged in non-tip producing activities. Plaintiff seeks to stop Defendants from engaging in this unlawful conduct and to vindicate his rights along with the rights of all similarly situated Servers and Bartenders who were employed by Defendant within the past 3 years.

## **PARTIES**

7.      Plaintiff and the Class Members are/were Servers and Bartenders who worked for Defendant within the last three (3) years at any Blue Sushi Sake Grill restaurant location in the State of Illinois.

3

8.     Plaintiff and the Class Members were paid less than the applicable Illinois minimum wage by Defendant for certain hours worked in one or more workweeks.

9.     Plaintiff and the Class Members were paid less than the applicable Illinois overtime wage by Defendant for certain overtime hours worked in one or more workweeks.

10.     Plaintiff and the Class Members were paid less than the applicable federal overtime wage by Defendant for certain overtime hours worked in one or more workweeks.

11.     Plaintiff seeks certification of the following collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Credit Notice Collective:**     **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit, who were not provided the sufficient tip credit notice under federal law.**

**Tip Pool Collective:**     **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit, who were required to comply with the restaurant tip share policy.**

**Dual Jobs Collective:**     **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit, who were required to spend more than 20% of that workweek performing non-tip producing work.**

12.     Members of the proposed Collectives worked for Defendant in the State of Illinois as Servers and/or Bartenders in the same or identical capacity as Plaintiff within the past 3 years.

13.     Plaintiff also seeks certification of the following two (2) classes under Fed. R. Civ. P. 23 and the Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA") for violations of the IMWL and IWPCA, as follows:

4

**Illinois Minimum Wage Class:**                **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit.**

**Illinois Overtime Class:**                     **All Servers and Bartenders who worked more than 40 hours in a workweek for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit.**

14.     The precise size and identity of the classes should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 40 Servers and Bartenders.

15.     At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendants as defined by the IMWL, 820 ILCS § 105/3(d), the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS § 115/2.

16.     At all times material hereto, Defendant was the "employer" of Plaintiff and each putative class and collective member as that term is defined under IMWL, 820 ILCS § 105/3(d), the FLSA, 29 U.S.C. § 203(d), and IWPCA, 820 ILCS § 115/2.

17.     Defendant is headquartered in Omaha, Nebraska, and is licensed to do business in the State of Illinois. Defendant operates 3 Blue Sushi Sake Grill locations within the jurisdiction of this Honorable Court: one in Naperville, and two in Chicago. Defendant may be served in Illinois through its registered agent, Capitol Corporate Services, Inc., at 1315 W. Lawrence Ave. Springfield, Illinois, 62704.

**JURISDICTION & VENUE**

18.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWL, and the IWPCA, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Server and Bartender who worked for Defendant at any time within the past three (3) years at a Blue Sushi Saki Grill location in the State of Illinois.

19.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

20.     All acts and omissions giving rise to Plaintiff's claim took place within Naperville and Chicago, Illinois, which fall within the jurisdiction of this Honorable Court.

21.     This Court has jurisdiction and venue over this Collective/Class Action Complaint.

## FLSA & IMWL COVERAGE

22.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two (2) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23.     Defendant is an enterprise covered by the IMWL and IWPCA, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least four (4) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

24.     Defendant's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, fish, credit cards, debit cards, restaurant equipment, pens, chairs, tables,

vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

25.     At all material times within the past 3 years, Defendant had an annual gross revenue more than $500,000.00.

## GENERAL FACTUAL ALLEGATIONS

26.     Defendant owns and operates 3 Blue Sushi Saki Grill restaurants in Illinois.

27.     These restaurants provide food and drink services to the public.

28.     Defendant has employed Plaintiff and the Class Members as Servers and Bartenders at its Blue Sushi Saki Grill restaurants within the past three (3) years.

29.     Defendant hired Plaintiff to work as a Server and Bartender at the Naperville location on August 20, 2021.

30.     As of the time of filing this complaint, Plaintiff is still employed by Defendant.

31.     Plaintiff and Class Members are/were non-exempt employees of Defendant.

32.     Plaintiff and Class Members' job duties consisted of serving patrons and customers.

33.     This work was an integral part of Defendant's business operation.

34.     Defendant controlled and/or remained responsible for the work Plaintiff and the Class Members performed and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under Illinois and federal law.

35.     Defendant had power to hire and fire Plaintiff and Class Members.

36.     Defendant enforces pay policies at the subject restaurants and requires Plaintiff and Class Members to comply with these policies.

37.     Defendant is the entity that compensates Plaintiff and all Class Members.

38.     Defendant controlled Plaintiff and Class Members' work schedules by either issuing the schedules themselves and/or delegating this task to managers and supervisors.

39.     Defendant determined compensation rates and method of payment for Plaintiff and Class Members.

40.     Defendant established and uniformly enforced common tip credit practices and policies at each of the restaurants

41.     Within the past 3 years, the Plaintiff and Class Members worked more than 40 hours per week in one or more workweeks.

## DEFENDANT FAILS TO PROVIDE TIP CREDIT NOTICE

42.     The FLSA allows employers to take a maximum tip credit in the amount of $5.12 per hour toward the applicable federal minimum wage of $7.25 per hour for customarily tipped employees so long as the employers provide sufficient notice of the tip credit and pay the customarily tipped employees at least $2.13 per hour. The FLSA also permits employers to take a maximum $5.12 tip credit per hour toward federal overtime obligations so long as the FLSA's specific tip credit notice requirements have been met.

43.     Although employers are permitted to take a tip credit and/or retain a tip credit for each hour that an eligible, tip-producing employee works, employers are prohibited from taking a tip credit when they fail to provide either oral or written notice regarding all provisions of 29 U.S.C. § 203(m)(2)(A) of the FLSA. *See* C.F.R. § 531.59.

44.     Meanwhile, the State of Illinois allows employers to take a maximum tip credit in the amount of 40% of the applicable Illinois minimum wage for customarily tipped employees so long as employers comply with the Illinois tip credit notice requirements and post the IDOL-mandated notice for all Servers and Bartenders to see in the restaurants.

45.     From January 1, 2022, through December 31, 2022, the Illinois minimum wage was $12.00 per hour. During this period, the applicable reduced wage for tipped employees in Illinois was $7.20 per hour and the maximum tip credit was $4.80 per hour.

46.     From January 1, 2023, through December 31, 2023, the Illinois minimum wage was $13.00 per hour. During this period, the applicable reduced wage for tipped employees in Illinois was $7.80 per hour and the maximum tip credit was $5.20 per hour.

47.     From January 1, 2024, through December 31, 2024, the Illinois minimum wage was $14.00 per hour. During this period, the applicable reduced wage for tipped employees in Illinois was $8.40 per hour and the maximum tip credit was $5.60 per hour.

48.     Starting on January 1, 2025, the Illinois minimum wage increased to $15.00 per hour. During this period the applicable reduced wage for tipped employees in Illinois is $9.00 per hour and the maximum tip credit is $6.00 per hour.

49.     When Defendant hired Plaintiff in August 2021, the Defendant failed to provide Plaintiff with sufficient notice of its intent to rely upon a tip credit under federal law. Defendant similarly failed to provide the Class Members with sufficient notice of their intent to rely upon a tip credit under federal law.

50.      During Plaintiff's employment, the Defendant failed to display posters that are complaint with the Illinois Department of Labor ("IDOL") prior to taking a state tip credit toward the minimum and overtime wages owed to Plaintiff and the Class Members.

51.     As a result of these widespread violations, Plaintiff and members of the putative classes regularly worked hours for which they did not receive the full and/or reduced federal and/or Illinois minimum wage in one or more workweeks within the past three (3) years.

## DEFENDANT REQUIRES SERVERS AND BARTENDERS TO SURRENDER PORTIONS OF THEIR TIPS TO AN UNLAWFUL TIP POOL

52.     The FLSA prohibits employers from requiring an employee to contribute or share tips in a tip pool operated to benefit the employer or non-customarily tipped employees. Furthermore, the FLSA expressly prohibits an employer from requiring tipped employees to share any portion of their tips with supervisors or managers.

53.     Defendant unlawfully required Plaintiff and Class Members to share tips with ineligible employees who do not customarily receive tips and who do not any meaningful customer interaction in the restaurant. Moreover, Defendant requires Servers and Bartenders to pay a portion of their tips to ineligible supervisor and/or managers.

54.     At the end of each shift, the Defendant requires Servers and Bartenders to print a receipt from the POS System which details total sales based on transactions completed during the shift.

55.     The POS System applies a formula to calculate a percentage of tips diverted from each Server and Bartender and pays this percentage of tips to non-direct service employees, including back-of-the-house Sushi Chefs, support staff, server assistants, and food runners. These positions do not have any meaningful customer interaction in the restaurants.

56.     Due to this unlawful tip-pooling arrangement, the Servers and Bartenders receive less tips than guest directly gave them as gratuity for service.

57.     Defendant maintains control over the enforcement of this unlawful policy and administers collection of these tips and redistributing them to other ineligible employees.

54.     Plaintiff and the Class Members did not voluntarily surrender or contribute tips.

55.     On one or more occasions, Plaintiff complained to Defendant about the unlawfulness of this policy and Defendant ignored these complaints.

56.     Defendant's enforcement of this unlawful tip pool requires forfeiture of all tip credits taken during the relevant period and further requires Defendant to reimburse Plaintiff and Class Members for all tips that were improperly confiscated.

### DEFENDANT REQUIRES SERVERS AND BARTENDERS TO MORE THAN OCCASSIONALLY PERFORM IMPROPER TYPES, OR EXCESSIVE AMOUNTS, OF NON-TIPPED JOBS/WORK AND NON-SERVING DUTIES

57.     During all times material hereto, Defendant required Plaintiff and Class Members to engage in non-tip producing activities, such as rolling silverware, cleaning tables, and a variety of other side work for more than 20% of their workweek.

58.     Before and during Plaintiff's employment, the Defendant employed numerous other Servers and Bartenders who had the same job duties and compensation structure that Plaintiff had. Like Plaintiff, these other Servers and Bartenders were also required to perform a significant amount of side work during their workweeks.

59.     During all times material hereto, Defendant enforced a policy and practice of failing to pay minimum and overtime wages because it violated rules for using the tip credit, including by requiring Servers and Bartenders to spend more than 20% of their workweek performing non-tip producing activities.

60.     When factoring in the pre-shift and post-shift activities performed by Servers and Bartenders this category of work exceeded 20% of the workweek.

### COLLECTIVE ACTION ALLEGATIONS

61.     Collective Members are treated equally and similarly by Defendant in that they were commonly mistreated by Defendant as they were not paid full and proper wages for all hours worked regardless of their location in Illinois.

62.     On information and belief, Defendant employed more than 40 Collective/Class Members who were not paid proper wages for hours worked within the past three (3) years.

63.     Defendant failed to provide Plaintiff and class members the requisite tip credit notice required under the FLSA.

64.     Plaintiff and Collective Members worked for the same hospitality company in Illinois.

65.     Plaintiff and class members performed substantially similar duties as Servers and Bartenders and were paid in an identical manner by Defendant based on Defendant treating Servers and Bartenders as tipped employees but not compensating them in accordance with law.

66.     Plaintiff and Collective Members were not paid proper federal minimum wages for all hours worked.

67.     Plaintiff and Collective Members were not paid proper federal overtime wages for all overtime hours worked.

68.     Defendant was aware of the requirements of the FLSA yet acted willfully in failing to pay Plaintiff and the Collective members in accordance with the law.

69.     Plaintiff has hired the undersigned law firm to represent him and the Collective Members in this matter and is obligated to pay reasonable attorney's fees and costs if he prevails.

70.     The claims alleged under the FLSA law may be pursued by all similarly situated persons pursuant to 29 U.S.C. § 216(b).

71.     Plaintiff and the Collective Members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of federal law.

72.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

**COUNT I – COLLECTIVE ACTION FOR FLSA VIOLATIONS**
**(Tip Credit Notice Collective)**

73.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

74.     Defendant violated the FLSA's provision on minimum and overtime wages by attempting to take a tip credit against the applicable federal wage requirement without providing Plaintiff with the required tip credit notice under federal law.

75.     Defendant failed to provide Plaintiff and members of the putative collective with the appropriate tip credit notice within the past 3 years.

76.     Throughout 2022, Defendant paid its Servers and Bartenders an hourly wage below the applicable federal minimum wage of $7.25 per hour.

77.     Defendant therefore forfeits any tip credit under federal law and owes each Server and Bartender federal minimum wages and federal overtime wages for each hour of work they performed within the past 3 years in time periods in which Defendant failed to comply with the tip credit notice requirements.

78.     Plaintiff and members of the putative collective are entitled to receive at least the following federal overtime premiums when they worked over 40 hours in a workweek: 2022 ($18.00), 2023 ($19.50), 2024 ($21.00), and 2025 ($22.50).

79.     Plaintiff and members of this putative collective are similarly situated and were subjected to similar violations of FLSA. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following Tip Credit Notice Collective for Defendant's failure to pay federal overtime wages:

> **All Servers and Bartenders who worked for Defendant at any Blue Sushi Sake Grill location in Illinois, during the three (3) years preceding this lawsuit, who were not provided the sufficient tip credit notice under federal law.**

13

80.     Defendant allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

81.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has been damaged in one or more weeks of work during his employment.

82.     Defendant's willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

83.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CAMERON LIPPOLD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLAGSHIP RESTAURANT GROUP, LLC, and award Plaintiff: (a) unpaid wages to be paid by Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR TIP POOL VIOLATIONS UNDER THE FLSA
### (Tip Pool Collective)

84.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

85.     Defendant violated FLSA's provision on tip sharing and tip pools by attempting to take a tip credit against applicable federal minimum and overtime wages and requiring Plaintiff and the putative collective to share tips with ineligible recipients.

86.     Defendant therefore forfeits any tip credit under federal law within the past 3 years and must return any tips Plaintiff and the collective surrendered to ineligible recipients during this period.

87.     Plaintiff and members of the putative Tip Pool Collective are similarly situated and were subjected to similar violations of the FLSA.  Plaintiff seeks class certification under 29 U.S.C. § 216(b) of the following Tip Pool Collective for Defendant's failure to comply with the tip pooling and sharing requirements of the FLSA:

> **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit, who were required to comply with the restaurant tip pool policy.**

88.     Defendant allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

89.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the putative collective have been damaged in one or more weeks of work during employment with Defendant.

90.     Defendant's willful and/or intentional violation of law entitles Plaintiff and the putative collective to an additional amount of liquidated, or double, damages.

91.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CAMERON LIPPOLD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLAGSHIP RESTAURANT GROUP, LLC, and award Plaintiff: (a) unpaid wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) reimbursement of all surrendered tips under the Defendant's tip pool policy; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT III – COLLECTIVE ACTION FOR DUAL JOBS VIOLATIONS UNDER THE FLSA
### (Dual Jobs Collective)

92.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

93.     Defendant attempted to claim a tip credit for each hour worked for Plaintiff and all other Servers and Bartenders during the relevant period.

94.     Defendant violated the FLSA because they required Servers and Bartenders to spend more than 20% of the workweek performing non-tip producing duties and side work.

95.     Defendant required Plaintiff and all other Servers and Bartenders to spend more than 20% of the workweek performing non-tip producing duties and side work and claimed a tip credit for this work instead of paying these employees the full applicable minimum and/or overtime wage.

96.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum and/or overtime wages for certain hours worked during their employment.

97.     Plaintiff and members of this putative collective are similarly situated and were subjected to similar violations of the FLSA.  Plaintiff seeks class certification under 29 U.S.C. § 216(b) of the following Dual Jobs Collective for Defendant's failure to pay federal overtime wages:

> **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit, who were required to spend more than 20% of that workweek performing non-tip producing work.**

98.     Defendant violated the FLSA because they required Servers and Bartenders to spend more than 20% of their workweek performing non-tip producing duties and side work.

99.     Because Plaintiff and all other similarly situated employees were forced to spend more than 20% of the workweek performing non-tip producing duties and side work, Defendant is not permitted to take the applicable tip credit.

100.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum and/or overtime wages for one or more weeks of work.

101.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

102.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CAMERON LIPPOLD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLAGSHIP RESTAURANT GROUP, LLC, and award Plaintiff: (a) unpaid wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT IV – RULE 23 CLASS ACTION FOR VIOLATION OF ILLINOIS MINIMUM WAGE LAW**
**(Illinois Minimum Wage Class)**

103.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

104.    Pursuant to 820 ILCS § 105/4, in the State of Illinois:

> From January 1, 2022, through December 31, 2022, every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation ages of not less than $12 per hour… from January 1, 2023, through December 31, 2023… $13 per hour… from January 1, 2024, through December

> 31, 2024… $14 per hour; and on and after January 1,
> 2025, every employer shall pay to each of his or her
> employees who is 18 years of age or older in every
> occupation wages of not less than $15 per hour.

105. However, "[e]very employer of an employee engaged in an occupation in which gratuities

have customarily and usually constituted and have been recognized as part of the remuneration for hire

purposes is entitled to an allowance for gratuities as part of the hourly wage provided in Section 4,

subsection (a) in an amount not to exceed 40% of the applicable minimum wage rate." *See, e.g., Driver v.*

*AppleIllinois, LLC,* 917 F.Supp.2d 793, 795-96 (N.D. Ill. 2013) *quoting* 820 ILCS § 105/4(c).

106. Pursuant to 820 ILCS § 105/9, "[e]very employer subject to any provision of this Act or of

any regulations issued under this Act shall keep a summary of this Act approved by the Director [of the

Illinois Department of Labor], and copies of any applicable regulations issued under this Act or a summary

of such regulations, posted in a conspicuous and accessible place in or about the premises, wherever any

person subject to this Act is employed." *Id.*

107. The Illinois Wage Payment Collection Act ("IWPCA") also contains a notice requirement:

> Employers shall notify employees at the time of hiring, of
> the rate of pay and of the time and place of payment.
> Whenever possible, such notification shall be in writing
> and shall be acknowledged by both parties. Employers
> shall also notify employees of any change in the
> arrangements, specified above, prior to the time of
> change… Every employer shall post and keep posted at
> each regular place of business in a position easily
> accessible to all employees one or more notices indicating
> the regular pay days and the place and time for payment
> of his employees, and on form supplied from time to time
> by the Department of Labor containing a copy or
> summary of the provisions of this Act.

820 ILCS § 115/10.

108. "Advising the employee about the 'rate of pay,' as the employer is required to do under the

IWPCA, would necessarily require the employer to tell a tipped employee that the employer will be taking

the tip credit, and that the employee will be paid at the minimum wage with tip credit." *Driver,* 917

F.Supp.2d at 798.

18

109. On January 1, 2024, when the Illinois minimum wage increased to $14.00 per hour, the Defendant failed to post the IDOL-approved poster in its restaurants to notify Servers and Bartenders of the Illinois minimum wage increase.

110. On January 1, 2025, when the Illinois minimum wage increased to $15.00 per hour, the Defendant failed to post the IDOL-approved poster in its restaurants to notify Servers and Bartenders of the Illinois minimum wage increase.

111. Below is a true and accurate photo of the Illinois Labor law Postings taken by the Plaintiff in the Naperville restaurant location on or about March 20, 2025:



112.     As evident from the photograph above, Defendant is currently displaying a poster which advises its Servers and Bartenders that the Illinois minimum wage is still $13.00 per hour and has failed to properly post the necessary information to notify Severs and Bartenders of the increases to Illinois minimum wage in 2024 and 2025. Defendant is therefore not permitted to take any tip credit under the IMWL.

113.     Plaintiff and the proposed Illinois Minimum Wage Class members were subjected to similar violations of the IMWL.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois mandated minimum wages:

> **All Servers and Bartenders who worked for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3) years preceding this lawsuit.**

114.     Illinois law incorporates the FLSA regulations, case law, and administrative interpretations, including Section 203 of the FLSA and the amendments thereto.[1]

115.     During workweeks within the past 3 years Defendant failed to pay Plaintiff and other similarly situated Servers and Bartenders the applicable minimum wage rate required under Illinois law.

116.     Defendant failed to post sufficient notice of the Illinois minimum wage in its Illinois restaurants during the relevant period and therefore failed to notify Illinois employees the amount of tip credit it would take toward the required Illinois minimum wage.

---

[1] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g., Williams-Green v. J. Alexander's Restaurants, Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) *citing Morgan v. SpeakEasy, LLC*, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); *see, also, Cho v. Maru Restaursant, Inc.*, 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") *quoting Labriola v. Clinton Entm't. Mgmt., LLC*, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

117.    In 2022, the full minimum wage in Illinois was $12.00 per hour.

118.    In 2023, the full minimum wage in Illinois was $13.00 per hour.

119.    In 2024, the full minimum wage in Illinois was $14.00 per hour.

120.    In 2025, the full minimum wage in Illinois is $15.00 per hour.

RULE 23 CLASS ALLEGATIONS

121.    Plaintiff brings his IMWL claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

122.    In one or more workweeks within the past 3 years the Defendant failed to pay Plaintiff and similarly situated Servers and Bartenders the Illinois mandated minimum wage.

123.    The Illinois Minimum Wage Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage because Defendant failed to pay Servers and Bartenders the minimum wage required by Illinois law.  Plaintiff and the Illinois Minimum Wage Class members performed the same job duties as Servers and Bartenders and were paid in an identical manner by Defendant based on Defendant's failure to provide sufficient notice of the Illinois tip credit and its subsequent failure to compensate Servers and Bartenders the proper Illinois minimum wage.

124.    *Numerosity:* Defendant employed more than 40 Servers and/or Bartenders in the class during the past three (3) years who were not paid Illinois minimum wages. Given Defendant's size and the systematic nature of its failure to comply with Illinois law, the members of the Illinois Minimum Wage Class are so numerous that joinder of all members is impractical.

125.    Plaintiff and the Illinois Minimum Wage Class members were subject to the same policies.

126. *Commonality:* Common questions of law and fact exist as to all members of the Illinois Minimum Wage Class and predominate over any questions solely affecting any individual member of the Illinois Minimum Wage Class, including Plaintiff. Such questions common to the Illinois Minimum Wage Class include, but are not limited to the following:

(a)   Whether Plaintiff and the Illinois Minimum Wage Class were "employees" of Defendant;

(b)   Whether Defendant posted required notice under the IMWL;

(c)   Whether Defendant paid Plaintiff and the Illinois Minimum Wage Class the applicable minimum wages;

(d)   Whether Defendant violated the Illinois minimum wage rights of Plaintiff and the Illinois Minimum Wage Class under the IMWL by failing to pay the state mandated minimum wages;

(e)   Whether Defendant willfully or intentionally refused to pay Plaintiff and the Illinois Minimum Wage Class the Illinois minimum wages as required under Illinois law;

(f)   Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(g)   The nature, extent, and measure of damages suffered by the Plaintiff and the Illinois Minimum Wage Class based upon Defendant's conduct.

127. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Illinois Minimum Wage Class. Plaintiff's claims arise from the Defendant's company-wide policy of failing to pay full minimum wages by virtue of its attempt to rely on a tip credit for all Servers and Bartenders without providing sufficient notice. Plaintiff and the Illinois Minimum Wage Class members performed the same job duties, as Servers and Bartenders, and were paid in an identical manner by Defendant based on Defendant's failure to compensate all Servers and Bartenders the applicable Illinois minimum wage.

128. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Illinois Minimum Wage Class. Plaintiff has no interest that might conflict with the interests of the Illinois Minimum Wage Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in complex wage and hour class action litigation.

129. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

130. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

131. Defendant has acted on grounds generally applicable to the Illinois Minimum Wage Class, thereby making relief appropriate with respect to the Illinois Minimum Wage Class as a whole. Prosecution of separate actions by individual members of the Illinois Minimum Wage Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Illinois Minimum Wage Class that would establish incompatible standards of conduct for Defendant.

132.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Illinois Minimum Wage Class.

133.    Defendant was aware of the requirements of the IMWL, and provisions of the FLSA that are incorporated into the IMWL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Illinois Minimum Wage Class members in accordance with the law.

134.    The precise size and identity of the Illinois Minimum Wage Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of Illinois Minimum Wage Class members exceeds 40 Servers and/or Bartenders.

135.    Plaintiff and the Illinois Minimum Wage Class members are entitled to receive at least Illinois mandated minimum wage, and/or recovery of the applicable tip credit, for each hour worked during the past 3 years.

136.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid Illinois minimum wages for each hour worked.

137.    Plaintiff has complied with any applicable pre-suit notice, and all other conditions precedent to this action have been performed or waived.

138.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CAMERON LIPPOLD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLAGSHIP RESTAURANT GROUP,

LLC, and award Plaintiff, and the putative Class: (a) unpaid wages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT V – RULE 23 CLASS ACTION FOR VIOLATION OF ILLINOIS MINIMUM WAGE LAW
**(Illinois Overtime Class)**

139.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

140.    Pursuant to 820 ILCS § 105(4)(a)(1), in the State of Illinois "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." *Id.*

141.    During the 3-year period preceding the filing of this lawsuit, the Defendant improperly relied on a tip credit under Illinois that it was not permitted to take.

142.    Plaintiff and the proposed Illinois Overtime Class members were subjected to similar violations of the IMWL.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated overtime wages:

> **All Servers and Bartenders who worked more than 40 hours in a workweek for Defendant at Blue Sushi Sake Grill locations in Illinois, during the three (3)   years preceding this lawsuit.**

143.    During one or more workweeks within the past 3 years Defendant failed to pay Plaintiff and other similarly situated Servers and Bartenders the applicable overtime rate required under Illinois law when these employees performed more than 40 hours of work in a workweek.

144.    Defendant failed to post sufficient notice of the Illinois minimum wage in its Illinois restaurants during the relevant period.

145.    In 2022, the required overtime rate in Illinois was $18.00 per hour.[2]

146.    In 2023, the required overtime rate in Illinois was $19.50 per hour.[3]

147.    In 2024, the required overtime rate in Illinois was $21.00 per hour.[4]

148.    In 2025, the required overtime rate in Illinois is $22.50 per hour.[5]

RULE 23 CLASS ALLEGATIONS

149.    Plaintiff brings his IMWL claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

150.    In one or more workweeks within the past 3 years the Defendant failed to pay Plaintiff and similarly situated Servers and Bartenders at least the Illinois mandated overtime wage for each overtime hour worked.

151.    The Illinois Overtime Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois overtime wage because they failed to pay Servers and Bartenders the overtime wage required by Illinois law.  Plaintiff and the Illinois Overtime Class members performed the same job duties as Servers and Bartenders and were paid in an identical manner by Defendant based on Defendant's failure to provide sufficient notice of the Illinois tip credit and its subsequent failure to compensate Servers and Bartenders the proper Illinois overtime wages.

152.    *Numerosity:* Defendant employed more than 40 Servers and/or Bartenders in the class during the past three (3) years who were not paid Illinois overtime wages as a result of the

---

[2] The full Illinois minimum wage in 2022 was $12.00 per hour.

[3] The full Illinois minimum wage in 2023 was $13.00 per hour.

[4] The full Illinois minimum wage in 2024 was $14.00 per hour.

[5] The full Illinois minimum wage in 2025 is $15.00 per hour.

Defendant failing to pay Plaintiff and the Illinois Overtime Class members required Illinois overtime wages. Given Defendant's size and the systematic nature of its failure to comply with Illinois law, the members of the Illinois Overtime Class are so numerous that joinder of all members is impractical.

153. Plaintiff and the class members were subject to the same policies.

154. *Commonality:* Common questions of law and fact exist as to all members of the Illinois Overtime Class and predominate over any questions solely affecting any individual member of the Illinois Overtime Class, including Plaintiff. Such questions common to the Illinois Overtime Class include, but are not limited to the following:

(a) Whether Plaintiff and the Illinois Overtime Class were "employees" of Defendant;

(b) Whether Plaintiff and the Illinois Overtime Class worked over 40 hours in a workweek;

(c) Whether Defendant posted required tip credit notice under the IMWL;

(d) Whether Defendant paid Plaintiff and the Illinois Overtime Class the applicable overtime wages;

(e) Whether Defendant violated the Illinois overtime wage rights of Plaintiff and the Illinois Overtime Class under the IMWL by failing to pay the state mandated overtime wages;

(f) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Illinois Overtime Class the Illinois overtime wages as required under Illinois law;

(g) Whether Defendant knew or should have known of the Illinois overtime wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(h) The nature, extent, and measure of damages suffered by the Plaintiff and the Illinois Overtime Class based upon Defendant's conduct.

155.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Illinois Overtime Class.  Plaintiff's claims arise from the Defendant's company-wide policy of failing to pay full overtime wages by virtue of its attempt to rely on a tip credit for all Servers and Bartenders. Plaintiff and the Illinois Overtime Class members performed the same job duties, as Servers and Bartenders, and were paid in an identical manner by Defendant based on Defendant's failure to compensate all Servers and Bartenders one-and-one-half times the applicable Illinois minimum wage and these employees worked over 40 hours in a workweek.

156.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Illinois Overtime Class. Plaintiff has no interest that might conflict with the interests of the Illinois Overtime Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex wage and hour litigation.

157.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

158.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

159.    Defendant has acted on grounds generally applicable to the Illinois Overtime Class, thereby making relief appropriate with respect to the Illinois Overtime Class as a whole. Prosecution of separate actions by individual members of the Illinois Overtime Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Illinois Overtime Class that would establish incompatible standards of conduct for Defendant.

160.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Illinois Overtime Class.

161.    Defendant was aware of the requirements of the IMWL, and provisions of the FLSA that are incorporated into the IMWL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Illinois Overtime Class members in accordance with the law.

162.    The precise size and identity of the Illinois Overtime Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of Illinois Overtime Class members exceeds 40 Servers and/or Bartenders.

163.    Plaintiff and the Illinois Overtime Class members are entitled to receive at least Illinois' mandated overtime wage, and/or recovery of the applicable tip credit, for each hour worked during the past 3 years.

164.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid Illinois overtime wages for each overtime hour worked.

165.    Plaintiff has complied with any applicable pre-suit notice, and all other conditions precedent to this action have been performed or waived.

166.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CAMERON LIPPOLD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLAGSHIP RESTAURANT GROUP, LLC, and award Plaintiff, and the putative Class: (a) unpaid wages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and costs as permitted under Illinois law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Collective/Class Members hereby demand trial by jury on all counts above.

**Dated this 24th of March 2025**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
Jordan@jordanrichardspllc.com
PATRICK SOLBERG, ESQUIRE
Illinois Bar No. 6243928
Patrick@usaemploymentlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 24, 2025.

By: _/s/ Jordan Richards_
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

### <u>SERVICE LIST:</u>